UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK STANTON BEATTY,<br><br>Plaintiff - Appellant,<br><br>V.<br><br>MARK WARNER, in his official capacity as Governor for the State of Virginia; et al.,<br><br>Defendants - Appellees. | No. 04-15965<br>D.C. No. CV-03-00338-DAE/KSC<br><br>**JUDGMENT** |

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
AUG 04 2006
at 3 o'clock and 3 min. ⁶ M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/11/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 02 2006

by: _____
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

JUL 11 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK STANTON BEATTY, | No. 04-15965 |
| Plaintiff - Appellant, | D.C. No. CV-03-00338-DAE/KSC |
| v. | |
| MARK WARNER, in his official capacity as Governor for the State of Virginia; MICHAEL F. EASLEY, in his official capacity as Governor for the State of North Carolina; BETTY LOU BEATTY; BETTY RUFFLEY; JOHN RUFFLEY; NATHANAEL JAMES BEATTY, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 16, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

---

  *  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Mark Beatty appeals pro se the dismissal of his suit against his ex-wife Betty Beatty, Betty's brother John Ruffley and mother Betty Ruffley, the governors of Virginia and North Carolina, and Mark and Betty Beatty's son Nathanael, alleging a variety of torts under diversity jurisdiction. The district court dismissed the governors and the Ruffleys as parties for lack of personal jurisdiction; granted Nathanael's motion for judgment on the pleadings; and dismissed the claims against Betty Beatty on collateral estoppel grounds. We affirm for the reasons stated in this memorandum.

In this case, no defendant resides in Hawaii, does business in Hawaii, has any continuous and systematic contacts with Hawaii, or otherwise has sufficient "presence" to warrant general jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

Beatty's claims against Betty, Nathanael, and the Ruffleys also do not support specific jurisdiction. On the facts as alleged, none of these defendants has sufficient "minimum contacts" with Hawaii. *Id*. First, Beatty does not allege facts whereby defendants purposefully directed their conduct at Hawaii. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (describing three-part "effects" test for purposeful direction). This court has described the *Calder* test as requiring that

2

>     the defendant allegedly [has] (1) committed an intentional act, (2) expressly
>     aimed at the forum state, (3) causing harm that the defendant knows is likely
>     to be suffered in the forum state.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). While Beatty does allege intentional acts on the part of defendants, those acts were neither expressly aimed at Hawaii nor "performed for the very purpose of having their consequences felt in the forum state." *See id.* at 1112 (quoting *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259-60 (9th Cir. 1989)).

Second, even if we assume *arguendo* that Beatty alleged acts purposefully directed at Hawaii, it would not be reasonable for the district court to exercise jurisdiction. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (describing seven reasonableness factors to consider). With respect to defendants Ruffley and Beatty, the defendants have barely purposefully interjected themselves into Hawaii; the burden on defending in Hawaii is high; Hawaii has little interest in adjudicating the dispute; it is more efficient to file suit where most parties reside; and federal court in Virginia is an available alternative forum. These factors outweigh Beatty's interest in convenient and effective relief, and so the exercise of jurisdiction by a Hawaii district court is unreasonable. All claims

against Betty Beatty, Nathanael Beatty, John Ruffley, and Betty Ruffley were properly dismissed by the district court.[1]

We also reject Beatty's claims against the governmental defendants in which he argues that the "best interests of the child" standard, used in determining custody arrangements, deprives him of his "fundamental right of a parent-child relationship," and violates due process and equal protection by favoring stereotypically maternal parenting characteristics. These claims do not satisfy the effects test for personal jurisdiction. The "best interests" standard was applied to Beatty in court proceedings in North Carolina and Virginia, but was not "performed for the very purpose of having [its] consequences felt in the forum state." *Dole Food*, 303 F.3d at 1112. Court proceedings deciding custody and child support arrangements constitute "untargeted" state action, and as such the district court properly dismissed the constitutional claims. *Id.* (quoting *Brainerd*, 873 F.2d at 1259-60). Beatty's remaining claim against the governors also raises allegations only of untargeted negligence, and is similarly unavailing.

---

[1] The claims against Nathanael Beatty were dismissed pursuant to a motion for judgment on the pleadings, and claims against Betty Beatty were dismissed on grounds of collateral estoppel. We express no view as to either of these holdings, because jurisdiction in federal district court in Hawaii was lacking in the first instance, and we may affirm on any ground supported by the record. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

4

The district court did not abuse its discretion by denying Beatty's motion for default judgment, because the defendants answered or filed responsive pleadings with the court within 20 days of personal service—and in any event, the court can set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) and 60(b). *See* Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Finally, the district court did not abuse its discretion by denying Beatty's motions for reconsideration, because in each motion he failed to allege newly discovered evidence, clear error, or an intervening change in the controlling law. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 0 2 2006

by: Deputy Clerk